IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER DEANE, and MICHAEL ROMANO individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>FASTENAL COMPANY,<br>Defendant. | No. C 11-00042 SI<br><br>**ORDER GRANTING CONDITIONAL COLLECTIVE ACTION CERTIFICATION**; **ORDER RE: DISCOVERY** |

On September 23, 2011, plaintiffs moved for conditional certification of this action as a collective, opt-in action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Doc. 29. Defendant Fastenal filed an opposition on October 7, 2011, and plaintiffs replied on October 14, 2011. Docs. 39 and 42. A hearing is scheduled for this motion on November 18, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter appropriate for disposition without oral argument and therefore VACATES the hearing. For the reasons set forth below, the Court GRANTS plaintiffs' motion for conditional certification.

The parties have also submitted letters regarding various discovery disputes. See Docs. 43, 44, 46, 47, and 48. Because this order affects the disputes, the Court will resolve them concurrently.

**BACKGROUND**

This is a wage and hour action in which the parties dispute whether plaintiffs were properly classified as exempt from overtime payment requirements under the FLSA. Plaintiffs Kristopher Deane

and Michael Romano are former employees of Fastenal, an industrial supply, service, and installation company. Pl.'s Mot. at 2. Fastenal has more than 2,300 domestic store locations, and employs thousands of personnel. *Id.* Each of Fastenal's stores has at least one General Manager ("GM"). All of Fastenal's GMs are classified as overtime exempt. Def.'s Opp. at 3.

Plaintiffs Deane and Romano both worked as GMs for Fastenal. Deane was employed by Fastenal from March 16, 2001 through June 16, 2010, during which time he worked at three different stores: two in Washington, and one in Nevada. Deane Decl. ¶ 2. Romano was employed as a GM from November 10, 2004 through June 10, 2010, at three different stores in California. Romano Decl. ¶ 2.

On February 16, 2011, plaintiffs filed an amended complaint against Fastenal for failure to pay them overtime in violation of the FLSA, 29 U.S.C. §§ 206 and 207(a)(1).[1] FAC at ¶ 2. Plaintiffs argue that they regularly worked more than forty hours per week, but were never paid overtime because they were improperly classified as exempt. Pl.'s Mot. at 3. Plaintiffs contend that they regularly performed "the same rudimentary job tasks and duties every week, which require[d] little or no thought." Deane Decl. ¶ 6. Examples of such tasks were ensuring the store remained presentable, creating schedules and duty lists for employees, ordering products, unloading products from the delivery trucks, and performing various types of "routine" customer service. Deane Decl. ¶ 5. Plaintiffs claim that they had very limited discretion - for example, they did not have the authority to hire or fire employees. Deane Decl. ¶ 11; Romano Decl. ¶ 12. In sum, plaintiffs argue they did not qualify for the exemptions under the FLSA, and thus are owed overtime payments for any work done in excess of forty hours per week.

Fastenal characterizes the job of General Manager far differently. Fastenal maintains that it "gives its GMs the freedom to make their own independent business decisions. GMs regularly decide – without needing approval from anyone else – what inventory to stock in their stores, which vendors to source from, whether and on what terms they will enter into customer contracts, whether they will provide discounts, and whether, if a customer needs a custom part, it should be manufactured in-house

---

[1] Plaintiffs also allege violations of California labor law, and are seeking a class action of current and former California GMs of Fastenal pursuant to Fed. R. Civ. P. 23. *See* FAC ¶¶ 25-72. Plaintiffs have not moved for Rule 23 certification at this time. As the only claim affecting the instant motion is the FLSA claim, the Court need not discuss the state law claims or Rule 23 class certification at this time.

2

1  at Fastenal or sourced from an outside provider." Def.'s Opp. at 4-5. Furthermore, Fastenal argues, the
2  GMs have the authority to decide how they will spend their time on a daily and weekly basis. *Id.*
3  Because of the nature of their jobs, "there are *multiple* exemptions that may apply, including outside
4  sales, executive, administrative, or the combination exemption." Def.'s Opp. at 4 (emphasis in original).
5  Therefore, it argues, Fastenal was not required to pay GMs overtime compensation.

6  Plaintiffs seek to represent all former and current employees of Fastenal nationwide who are
7  "similarly situated," pursuant to 29 U.S.C. § 216(b). Plaintiffs define their FLSA Class as

> all persons who were employed as overtime-exempt managers by Defendant in one or more of its Fastenal retail locations in the United States at any time on or after February 16, 2008.

10 FAC, ¶ 25. The class includes approximately 2,000 GMs in all 50 states. Def.'s Opp. at 1. Plaintiffs
11 argue that they, and all other GMs working for Fastenal, have been *willfully* misclassified as exempt
12 employees, and are therefore entitled to a three year (as opposed to two year) statute of limitations. *See*
13 29 U.S.C. § 255(a). In the instant motion, plaintiffs move for conditional certification of the class and
14 for authorization to provide notice to potential opt-in plaintiffs.

## LEGAL STANDARD

17 Section 216(b) of the FLSA provides that one or more employees may bring a suit for unpaid
18 overtime wages "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C.
19 § 216(b). Unlike class actions brought under Federal Rule of Procedure 23, collective actions brought
20 under the FLSA require that individual members "opt in" by filing a written consent. 29 U.S.C.
21 § 216(b). Because class members must opt-in, the standards for finding a conditional FLSA class are
22 considerably less stringent than those for Rule 23 classes. *Hill v. R+L Carriers, Inc.*, 690 F.Supp.2d
23 1001, 1009 (N.D.Ca. 2010) (Wilkes, J.). "All that need be shown by the plaintiff is that some
24 identifiable factual or legal nexus binds together the various claims of the class members in a way that
25 hearing the claims together promotes judicial efficiency and comports with the broad remedial policies
26 underlying the FLSA." *Id.* (*citing Wertheim v. Arizona*, 1993 WL 603552, at *1 (D. Ariz. Sept. 30,
27 1993)). Plaintiffs bear the burden of demonstrating a "reasonable basis" for their claim of class-wide
28 discrimination. *Gray son v. K-Mart*, 79 F.3d 1086, 1099 (11th Cir. 1996).

3

Certification of a collective action under the FLSA involves a two-tiered analysis. *See Wynn v. Natal Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002). At the initial "notice stage," the court determines whether the plaintiffs are similarly situated, deciding whether a collective action should be certified for the purpose of sending notice of the action to potential class members. *See Thiazine v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). For conditional certification at this stage, the court requires nothing more than substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan." *Id.*; *Hill*, 690 F. Supp. 2d at 1009. The determination at this stage is made based on a fairly lenient standard, and typically results in a conditional certification. *Wynn*, 234 F. Supp. 2d at 1082.

The second determination is made at the conclusion of discovery, usually upon a motion for decertification by the defendant. *Hill*, 690 F. Supp. 2d at 1009. At this stage, a stricter standard for similarly situated is used. The court reviews several factors, including whether individual plaintiffs' claims involve disparate factual or employment settings; the various defenses available to the defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether the plaintiffs made any required filings before instituting suit. *See Thiazine*, 267 F.3d at 1102; *Hill*, 690 F. Supp. 2d at 1009.

Once the class is conditionally certified -- i.e., after the first stage -- the court can exercise its discretion "in appropriate cases" to authorize and facilitate notice of a collective action to similarly situated potential plaintiffs. *Hoffman-La-Riche Inc. v. Sealing*, 493 U.S. 165 (1989). The Supreme Court has noted that the benefits of the FLSA's protections are dependent upon "employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."

## DISCUSSION

### A. Conditional Certification

Plaintiffs proffer various types of evidence in support of their claim that Fastenal's other General Managers are similarly situated. Foremost are the declarations of plaintiffs themselves. Plaintiff Deane states that over the course of nine years, he worked as a GM in three different stores, two in Washington

4

and one in Nevada. Deane Decl. ¶ 2. Plaintiff Romano states that over the course of six years, he worked as a GM in three different California stores. Romano Decl. ¶ 2. Deane declares that, "[as a Fastenal [GM], I was required to follow the same policies and procedures at each of the store locations where I worked and I understand that Fastenal requires every Store Manager to follow the same policies and procedures at every Fastenal store." Deane Decl. ¶ 3. Romano also declares that he was required to follow the same policies and procedures at each of the three store locations. Romano Decl. ¶ 2. He further states that, "[in 2009, Fastenal issued a Standard Operating Procedure document, which described Fastenal's policies and procedures for operation of their stores and was given to all of the Store Managers to implement." Romano Decl. ¶ 3.

Plaintiffs also provide documentary support for their claim. They attach a job posting for an available GM position, which contains blanks for the "City" and "State" fields. Celesta Decl., Ex. C. The posting describes the various responsibilities of the GM, as well as "support responsibilities" such as purchasing, receiving, packing orders, and deliveries. *Id.* They also attach an Hours of Operation & Expectations Policy, signed by Deane, which states that, "[all full time Exempt positions which include General Managers and Outside Sales Personnel must report to work from 7:00am - 5:00p.m., Monday through Friday at a minimum unless approved by a District Manager." Celesta Decl, Ex. I. They provide Fastenal's "Organization Chart" illustrating the chain of command within the management structure, in which the General Manager reports to the District Manager, who in turn reports to the Regional Vice President, who in turn reports to the Executive Vice President of Sales and the CEO. Celesta Decl., Ex. E. They attach Fastenal's Store Operations Guide, which sets forth store-wide policies. Celesta Decl., Ex. Finally, they also state - and Fastenal confirms - that all GMs were classified as exempt by the company. Pl.'s Mot. at 3; Def.'s Opp. at 4.

Fastenal, for its part, provides numerous declarations from current and former employees at a variety positions in the company. The declarations from eight GMs, three District Managers, and the Vice President of Employee Development for Fastenal portray the position of GM as diverse and discretionary. See Rakish Decl., E's. A-C. Fastenal argues that plaintiffs have failed to meet their evidentiary burden that plaintiffs were victim of a "single decision, policy, or plan." Def.'s Opp. at 1.

5

The Court finds that plaintiffs have met the lenient standard required for conditional certification at the notice stage. They have provided substantial allegations, supported by declarations and documentary evidence, that the putative class members were similarly situated. *See Thiazine*, 267 F.3d at 1102. The Court finds particularly persuasive the fact that plaintiffs worked at multiple stores in multiple states, and thus have personal knowledge of the similarities between the stores.

At this "notice stage," the declarations provided by Fastenal do not negate the showing Plaintiff has made for conditional certification. *Hill*, 690 F.Supp.2d at 1010. Nor do the cases Fastenal relies on defeat plaintiffs' claims. *See Slavinsky v. Columbia Association*, 2011 WL 2119231 (D. Md. 2011) (finding plaintiffs' showing for conditional certification insufficient after plaintiff provided only a "lone affidavit" and failed to interview witnesses or depose employees despite two years of discovery); *Carruthers v. Keiser School, Inc.* 2010 WL 5055876 (M.D. Fla. 2010) (finding insufficient plaintiffs' "bare-bones allegations" that defendant failed to pay them for working through lunch). Plaintiffs here do not root their claim of similarity in the "mere allegation" that they were all classified as exempt. *See* Def.'s Opp. at 1. Instead, they've provided substantial allegations, supported by documentary evidence as well as their own informed declarations, that GMs across Fastenal are similarly situated. Defendant may resubmit their declarations at the second, "decertification" stage, at which time the Court will apply the more stringent standard discussed above. *Hill*, 690 F. Supp. at 1010.

### B.  Notice to Potential Opt-In Plaintiffs

Plaintiffs request that the Court require disclosure of putative class members' contact information. Doc. 43. In their motion, they also request that the Court authorize notice to potential opt-in plaintiffs. Pl.'s Mot. at 7. In *Hoffman-La Riche v. Sealing,* 493 U.S. 165, 170 (1989), the Supreme Court upheld a district court's Order permitting the discovery of the names and addresses of employees and authorizing the issuance of notice to them.

The Court finds that notice through a third party administrator is appropriate, and orders the parties to meet and confer on the form of notice. While plaintiffs attach a proposed notice form, Fastenal argues that it is overbroad and misleading. At the meet and confer, the parties should propose a joint form of notice, or, if that is impossible, file with the Court alternative forms of notice along with

6

arguments in support of their respective forms. Fastenal argues that the geographic scope of the proposed notice is "grossly overbroad" based on plaintiffs' "individual experiences in a handful of stores located on the West Coast." Def.'s Opp. at 18. The Court disagrees. The Court has found that plaintiffs have made a sufficient showing at this stage that the members of the putative nationwide class are similarly situated. Therefore, Fastenal must provide contact information for all of the GMs nationwide to the third party administrator. Finally, the Court finds that the notice period should extend back three years. "A cause of action for an individual who is a member of an FLSA collective action commences on the date the individual files a written consent with the Court, and the maximum applicable statute of limitations is three years; [n]otice should be consistent with this determination." *In re RBC Dain Rauscher Overtime Litig.*, 703 F. Supp. 2d 910, 966 (D. Minn. 2010). Therefore, contact information should be provided for all current and former GMs that work or worked at Fastenal within three years of this Order.

**The parties shall submit their joint recommendation as to form of notice no later than December 2, 2011.**

### C. Remaining Discovery Issues

The parties have submitted various discovery disputes to the Court. Plaintiffs contend that defendant has failed to respond to their Requests for Production (RFPs) Nos. 27, 39, 41, 43, 44, 45, 46, and 47. Following the receipt of plaintiffs' letter, defendant sent plaintiffs a supplemental response to plaintiffs' request for production, and filed with the Court a letter defending their failure to produce further responses. Defendant argues that with respect to these RFPs, and more,[2] "after a diligent search, it has no documents responsive to this request." Doc. 47. Based on defendant's assertion that it has no responsive documents, the Court DENIES plaintiffs' requests as moot.

Fastenal also opposes special interrogatories 1 through 4. In a separate letter filed November 1, 2011, Fastenal opposed special interrogatory 1 -- which requests identification information of each person "who holds or has held, at any time during the class period, any employment position referenced

---

[2] Defendant's response includes RFPs 27, 29, 39, 41, 43, 44, 45, 46, 47, and 57.

in the Complaint" -- as premature, because the Court had not yet found the putative class members to be similarly situated. It also argued that plaintiffs were not entitled to the information in order to merely solicit new claims or "stir up litigation." Doc. 48 at 3. The Court has now conditionally certified the class. Plaintiffs, as fiduciaries to putative class members, are entitled to the contact information in order to properly investigate their claims. *See Stone v. Advance America*, 2009 WL 4722924 at *3 (S.D. Cal. 2009). Plaintiffs' request, in so far as it is a motion to compel, is GRANTED with respect to special interrogatory 1.

Plaintiffs also request responses to special interrogatories 2 through 4. Following plaintiffs' request, on October 25, 2011, Fastenal provided supplemental responses to plaintiffs' interrogatories. Plaintiffs' thereafter sent a letter to the Court, on November 10, 2011, arguing that Fastenal did not provide substantive responses. The Court finds that the responses are sufficient answers to the question as framed. Therefore, in so far as plaintiffs' letter is a motion to compel, it is DENIED with respect to special interrogatories 2 through 4.

## CONCLUSION

Plaintiffs' motion for conditional certification of collective action under the FLSA is GRANTED. Plaintiffs' discovery motions are GRANTED IN PART/DENIED IN PART as discussed above. **The parties shall submit their joint recommendation as to form of notice no later than December 2, 2011.**

**IT IS SO ORDERED.**

Dated: November 14, 2011

SUSAN ILLSTON
United States District Judge