SCOTT EDWARD COLE, ESQ.
MATTHEW R. BAINER, ESQ.
MOLLY A. DESARIO, ESQ.*
HANNAH R. SALASSI, ESQ.**
JESSICA L. CAMPBELL, ESQ.

HANNAH R. SALASSI, ESQ.
Writer's E-Mail: hsalassi@scalaw.com

## SCOTT COLE & ASSOCIATES
### A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CALIFORNIA 94612

Telephone (510) 891-9800
Facsimile  (510) 891-7030

SCA Web Site: www.scalaw.com

*Also Admitted in Maryland
**Also Admitted in Texas

April 25, 2012

VIA ECF:

Judge Yvonne Gonzalez Rogers
United States District Court, Oakland Division
1301 Clay Street
Oakland, CA 94612

      re:    **Deane v. Fastenal Company** (Case No. 3-11-cv-00042 YGR)

Dear Judge Gonzalez Rogers:

In compliance with this Court's Standing Order, Plaintiffs submit the following letter brief regarding outstanding discovery issues.

In order to prepare their upcoming motion for class certification, which is due filed by May 25, 2012, Plaintiffs are diligently working to obtain the necessary discovery to support the motion. On February 10, 2012, Plaintiffs served their third set of Requests for Production of Documents and Things. Defendant served its responses thereto on February 28, 2012, asserting every conceivable objection to each request, and, where responsive documents exist,[1] refusing to produce them. Despite meet and confer efforts, Defendant maintains its refusal to produce a number of relevant documents, necessitating this Court's intervention. Moreover, on April 19, 2012, Plaintiff made a final attempt to resolve this dispute by making a compromise proposal, and requested either Defendant's agreement, an alternative proposal, or Defendant's contribution to this letter brief. To date, no response from Defendant has been received. Given that Plaintiffs' deadline for filing their motion for class certification is fast approaching, Plaintiffs cannot further delay in seeking production of these documents.

Specifically, Plaintiffs' requests seek records relating to the number and dollar value of sales made by putative class members and Defendant admits it keeps such records. Moreover, Plaintiffs' requests are entirely proper in that they seek information relevant to class certification. *See Rodriguez v. Banco Central*, 102 F.R.D. 897, 903 (D.P.R. 1984) (*overruled on other grounds by Rodriguez v. Banco Central*, 790 F.2d 172 (1st Cir. 1986)) ("discovery must be procured in order to determine whether the action may proceed as a class action"); *see also Barnhart v. Safeway Stores, Inc.*, 1992 U.S. Dist. LEXIS 22572, *3-4 (E.D. Cal. 1992) (*quoting Rodriguez*, 102 F.R.D. at 902); *NOW, Farmington Valley Chapter v. Sperry Rand Corp.*, 88 F.R.D. 272, 276 (D. Conn. 1980).

---

[1] *See* Defendant Fastenal Company's Response to Plaintiffs' Request for Production of Documents and Things, Set Three, attached hereto as Exhibit A.
\\scl-oak-sql1\shared\Clients\Deane vs. Fastenal Company\Deane vs. Fastenal Company_LTR Brief re RPDs Set 3_updated_20120419.doc

Indeed, the courts have been clear and consistent in their holdings that class certification cannot be adjudicated without permitting such discovery. "In general, at the precertification stage, discovery in a putative class action is limited to certification issues: e.g., the number of class members, the existence of common questions, typicality of claims, representative's ability to represent the class, etc." *Babbitt v. Albertson's, Inc.*, 1992 U.S. Dist. LEXIS 19091 (N.D. Cal. Nov. 30, 1992*)* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978)). For discovery purposes, relevance is broadly construed and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the claim or defense of any party. *City of Rialto v. U.S. Dept. of Def.*, 492 F. Supp. 2d 1193, 1202 (C.D. Cal. 2007). As set forth below, each of the document requests at issue here are related to demonstrating typicality, commonality and superiority, all crucial factors for class certification. Accordingly, their production must be compelled.

Plaintiffs requested documents related to the frequency and volume of sales activities performed by the class members, e.g. number and dollar value of outside sales made during the class period; number and dollar value of inside sales made during the class period; etc. During the meet and confer process, Defendant admitted that it keeps records of sales by store location and by account, therefore, responsive documents unquestionably exist. The sales records are clearly relevant to commonality and superiority given Defendant's claim that class members are properly classified as exempt under the outside salesperson exemption. Specifically, these documents will show whether Plaintiffs can use common evidence to establish the frequency and volume of sales activities, and whether the use of this common evidence, including any available trial tools for calculating damages, make this case a good candidate for class certification.

In sum, the categories of documents requested here are specifically directed to key class certification issues. Accordingly, where Defendant has indicated responsive documents exist, and unless this Court finds that the requested documents are irrelevant to class certification, Plaintiffs request their production be ordered immediately.

Very truly yours,

*Hannah Salassi*

HANNAH SALASSI

Enclosure(s)

\\scl-oak-sql1\shared\Clients\Deane vs. Fastenal Company\Deane vs. Fastenal Company_LTR Brief re RPDs Set 3_updated_20120419.doc

Page 2 of 2