**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTOPHER DEANE, MICHAEL ROMANO, AND LISA JOHNSON,<br>　　　　Plaintiffs,<br><br>　　vs.<br><br>FASTENAL COMPANY,<br>　　　　Defendant. | Case No.: 11-CV-0042 YGR<br><br>**ORDER DECERTIFYING COLLECTIVE ACTION** |

Defendant Fastenal Company ("Fastenal") filed its Motion to Decertify Collective Action on July 24, 2012. At the time, the motion of Plaintiffs Kristopher Deane, Michael Romano, and Lisa Johnson ("Plaintiffs") to certify a class action under Rule 23 of the Federal Rules of Civil Procedure was pending. On September 26, 2012, the Court issued its Order Denying Class Certification. (Dkt. No. 118.) In that Order, the Court directed the parties to file supplemental briefing regarding the Motion to Decertify, in light of the Court's denial of the Rule 23 class. The parties filed their supplemental memoranda on October 17 and 31, 2012. (Dkt. Nos. 119, 120.) Having carefully considered the papers submitted, the admissible evidence, and the pleadings in this action, the Court hereby **GRANTS** Fastenal's Motion to Decertify the FLSA collective action for the reasons set forth below.

Plaintiffs Kristopher Deane and Michael Romano filed this action on February 16, 2011. Plaintiff Lisa Johnson was added as a representative plaintiff in the Second Amended Complaint filed on May 7, 2012. On September 23, 2011, plaintiffs moved for conditional certification of this action as a collective, opt-in action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. By Order issued November 14, 2011, the Court granted that motion.

Class certification discovery ensued thereafter, followed by Plaintiffs' Motion for Class Certification under Rule 23. The Court denied class certification.

In its Order Denying Class Certification, the Court found that Plaintiffs had not demonstrated they were similarly situated for purposes of Rule 23. More specifically, Plaintiffs did not establish that common issues of fact predominate over the individuals presented by the case. Each of the exemptions at issue in the case includes an element related to the percentage or proportion of the employee's time spent on tasks that qualify for the exemption, and therefore an examination of how an employee actually spends his or her time. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 945 (9th Cir. 2009); *see also Ramirez v. Yosemite Water Co.,* 20 Cal.4th 785, 802 (1999); *In re Wells Fargo Home Mortg. Overtime Pay Litig.* ("*Wells Fargo I*"), 571 F.3d 953, 959 (9th Cir. 2009); *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 948 (9th Cir. 2011). "[U]nless plaintiff proposes some form of common proof, such as a standard policy governing how and where employees perform their jobs, common issues of law or fact are unlikely to predominate." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 268 F.R.D. 604, 611 (N.D. Cal. 2010) ("*Wells Fargo II*"); *see also Beauperthuy*, 772 F. Supp. 2d at 1131 (wide variations in testimony between the managers, showing "discrepancies between the duties actually performed by class members[,] weigh in favor of decertification" of FLSA representative action").

Relying on these authorities, the Court determined that Plaintiffs had not shown how the applicability of the alleged exemptions could be analyzed by means of common proof for the putative class. Even considering Plaintiffs' evidence alone, the record demonstrated that the amount of time spent on exempt activities varied widely between putative class members. Moreover, Plaintiffs did not offer common policies or procedures, common training about how to perform the GM job, or other evidence to show that the amount of time spent on exempt activities was amenable

2

to common proof. Thus, because determination of the mix of time spent on various job activities person-by-person would overwhelm any common questions, the Court denied class certification.

As the court previously noted in granting conditional certification of the FLSA collective action, "the standards for finding a conditional FLSA class are considerably less stringent than those for Rule 23 classes." *Hill v. R+L Carriers, Inc.*, 690 F.Supp.2d 1001, 1009 (N.D. Cal. 2010). Certification of a collective action under the FLSA involves a two-tiered procedure. *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1117 (N.D. Cal. 2011). The initial notice stage requires only a minimal showing that the members of the proposed class are "similarly situated" to warrant conditional certification and sending of notices to the potential class members. *Id.*; *Hill,* 690 F.Supp.2d at 1009. "[A]t the second stage, usually initiated by a motion to decertify, the court engages in a more searching review." *Beauperthuy*, 772 F. Supp. 2d at 1117.

The court reviews several factors, including whether individual plaintiffs' claims involve disparate factual or employment settings, the various defenses available to the defendant which appear to be individual to each plaintiff, as well as fairness and procedural considerations. *Id.* at 1118; *Hill*, 690 F. Supp. 2d at 1009. While plaintiffs need not be identically situated, they must be similar enough to warrant proceeding collectively. *Beauperthuy*, 772 F.Supp.2d at 1118. Ultimately, it is within the court's discretion to decertify the collective action, taking into account the relative benefits to the class, prejudice to the defendant, and difficulties of judicial administration. *Id.* (citing *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213 (5th Cir.1995) [abuse of discretion standard applies to review of decertification decision]).

To be sure, courts generally consider the "similarly situated" requirement for an FLSA collective action to be less exacting than the "common questions predominate" class certification standard under Rule 23. *See Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1003 (N.D. Cal. 2010); *see also O'Brien v. Ed Donnelly Enters.,* 575 F.3d 567, 584–85 (6th Cir.2009); *Grayson v. K*

3

*Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir.1996). This Court's denial of Rule 23 class certification therefore does not dictate decertification of the FLSA collective action. However, on the record before the Court, the facts concerning the exemption or exemptions applicable to each individual who has opted into the collective action vary so greatly that a collective action is unwieldy and unwarranted. (*See* Order Denying Class Certification at 2-3, 7-10 [citing evidence].) Plaintiffs cannot simply rely on the fact that Fastenal categorized them all as exempt, but must show a "substantial level of commonality" among the duties performed and time spent on them. *Beauperthuy,* 772 F. Supp. 2d at 1131. As in *Beauperthuy,* the discrepancies between the tasks performed, as well as the proportion of time each of them spent on those tasks, makes collective treatment here impracticable. *Id.* at 1131-32.

Plaintiffs express concern that over 400 individuals have already opted-in based upon the conditional certification and notice of the FLSA collective action. Plaintiffs argue that many of those same opt-plaintiffs would simply elect to bring their claims on an individual basis, probably in the same suit and represented by Plaintiffs' counsel. The practical effect of decertification then would be a procedural burden on the Court from litigating hundreds of individual claims, as well as added costs for the parties. The specter of these costs and burdens, however, does not change the ultimate analysis: that the opt-in plaintiffs are not similarly situated such that collective proof on misclassification is possible. The facts here dictate the result. It is the disparities between the class members that would ultimately break the action down into hundreds of mini-trials, not decertification itself.[1] The Court cannot maintain the collective action as a convenience simply because the opt-in plaintiffs may proceed on hundreds of related, but factually distinct, misclassification claims.

---

[1] Plaintiffs likewise raise the possibility that opt-in plaintiffs may not receive notice of decertification because their addresses have changed. That some plaintiffs may fail to keep counsel notified of changes in address is not sufficient reason to maintain this as a collective action.

## CONCLUSION

Fastenal's Motion to Decertify the FLSA collective action is **GRANTED**. The Court sets this matter for a case management conference on **Monday, April 1, 2013** at 2:00 p.m. in Courtroom 5.

**IT IS SO ORDERED**.

Date: February 25, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**