**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTOPHER DEANE, MICHAEL ROMANO, AND LISA JOHNSON,<br>     Plaintiffs,<br><br>vs.<br><br>FASTENAL COMPANY,<br>     Defendant. | **Case No.: 11-CV-0042 YGR**<br><br>**NOTICE OF TENTATIVE RULING ON JOINT MOTION FOR SETTLEMENT APPROVAL AND JUDGMENT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING FOR THE HEARING SCHEDULED ON NOVEMBER 19, 2013, AT 2:00P.M.:

Plaintiffs Kristopher Deane, Michael Romano, and Lisa Johnson ("Plaintiffs") and defendant Fastenal Company ("Defendant" or "Fastenal") move the Court for an Order approving the parties' settlement of Plaintiffs' federal under the Fair Labor Standards Act ("FLSA") and California Labor Code claims.

The Court has reviewed the parties' papers and is inclined to deny the motion without prejudice to renewal after curing the deficiencies noted. This is a *tentative* ruling and the parties will still have an opportunity to present oral argument. Alternatively, if the parties **JOINTLY** stipulate in writing to entry of the tentative ruling no later than **12:00 noon on Monday, November 18, 2013**, the hearing will be vacated, and the tentative ruling will become the order of the Court.

The Court is inclined to rule as follows:

**TENTATIVE RULING**

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **DENIES** the Motion for Settlement Approval **WITHOUT PREJUDICE** to filing a renewed motion which corrects the deficiencies outlined herein.

**I. BACKGROUND**

    **A. Procedural Background**

On January 4, 2010, Plaintiff Deane filed this action against Fastenal alleging an individual overtime misclassification claim under the FLSA. On February 16, 2011, Deane filed a First Amended Complaint ("FAC") adding Plaintiff Romano. The FAC alleged a collective action for unpaid overtime under the FLSA on behalf of a nationwide collective, as well as a class action class action under FRCP Rule 23 based upon claims for overtime and related violations of California law.

On November 14, 2011, the Court granted Plaintiffs' motion for conditional collective action certification. On December 2, 2011 the Court ordered notice to be disseminated to the nationwide collective. On May 7, 2012, Plaintiff Lisa Johnson was added to the suit. The Court issued its order denying class certification under Rule 23 on September 26, 2012, and on February 25, 2013, the Court decertified the nationwide collective action. At the request of Plaintiffs, on May 15, 2013, the Court dismissed the opt-in plaintiffs from the collective action, leaving only Deane, Romano and Johnson as plaintiffs herein. These remaining named Plaintiffs now seek approval of the settlement with Fastenal of their individual claims.

    **B. Terms of Settlement**

Under the terms of the settlement, each Representative Plaintiff will recover a monetary award. The parties indicate that the amounts[1] were determined based upon the respective numbers

---

[1] The motion itself does not state the exact amount of each Plaintiff's settlement payment, though the Declaration of Hannah R. Salassi, filed therewith, does so state. The parties indicate that the omission of the settlement amount from the motion papers is due to the confidential nature of the settlement agreement. The Court notes that no request to seal the Salassi Declaration has been made. The Court further notes that sealing those terms would not be proper under the instant circumstances. *See, e.g., Luo v. Zynga Inc.*, 13-CV-00186 NC, 2013 WL 5814763 at * 2 (N.D. Cal. Oct. 29, 2013) (unsealing settlement agreement and finding that "[w]hile there is no specific Ninth Circuit guidance, most district courts considering a motion to seal in connection with a motion to approve settlement of FLSA claims have applied a presumption of public access").

of weeks each plaintiff worked during the statutory period, as well as the state in which the plaintiff worked which determined his or her eligibility for a recovery for the California statutory meal and rest break violations. For each Plaintiff, Fastenal will pay a portion of that Plaintiff's Settlement Payment (40%) to Plaintiffs' counsel. In exchange, the terms of the agreement provide for a broad release of claims.[2] The agreement likewise includes a confidentiality provision which precludes Plaintiffs from disclosing the terms and conditions of settlement to anyone other than "an immediate family member, attorney, accountant, or financial advisor." (*Id.* at ¶ I(3).)

## II. APPLICABLE STANDARD

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee ... affected in the amount of unpaid wages, or their unpaid overtime compensation, as the case may be...." 29 U.S.C. § 216(b). The FLSA was enacted to protect workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas–Best Freight System,* 450 U.S. 728, 739 (1981). An employee's right to a minimum wage and to overtime pay under the FLSA is nonwaivable. *Id.* at 740. Recognizing the lack of equal bargaining power between employer and employee, the Supreme Court has long held that employees may not waive liquidated damages or back wages under the FLSA in the interest of achieving a settlement. *See Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707 (1946).

The Ninth Circuit has not specifically addressed the question of any special requirements for settlement of an action under the FLSA. However, the Eleventh Circuit and numerous district courts within the Ninth Circuit have determined that settlement of an action under the FLSA must either be supervised by the Secretary of Labor or approved by a district court, based upon the legislative purposes underpinning the FLSA. *See Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 350, 1353 (11th Cir. 1982); *McKeen-Chaplin v. Franklin Am. Mortgage Co.*, C 10-5243 SBA, 2012 WL 6629608 at *2 n.3 (N.D. Cal. Dec. 19, 2012) (collecting cases). If the settlement reflects "a fair and reasonable resolution of a bona fide dispute," the court may approve it. *Lynn's*

---

[2] The release term provides: "all known and unknown claims that each [Plaintiff] presently has, including but not limited to each Plaintiff's wage-and-hour, wage-payment, and other wage-related claims, whether arising under federal, state, or other law, and including but not limited to those claims alleged in the Complaints." Salassi Dec., Exh. A, ¶ II(1).

3

*Food Stores,* 679 F.2d at 1354-55.  Thus the Court has a duty to scrutinize any settlement of an FLSA claim.  *Id.*

### III. DISCUSSION

#### A. Bona Fide FLSA Dispute

The Court finds that the action herein was a bona fide dispute under the FLSA.  The parties each vigorously presented their claims and defenses.  As this Court's Orders on class certification and decertification of the collective action both noted, the voluminous evidence presented by both sides established that there were numerous disputes about the tasks Plaintiffs and others similarly situated performed, whether those tasks were covered by any exemption from overtime, and the numbers of hours spent on exempt versus non-exempt tasks, among others.  The parties engaged in extensive discovery and litigation prior to reaching a settlement of the remaining claims after a full day of mediation.

#### B. Fair and Reasonable Resolution of FLSA Claims

##### *1. Settlement Amount*

The parties contend that the settlement amounts for each Plaintiff are reasonable considering: (1) their base salaries (less their sales commission income); (2) contested issues regarding their classification as exempt employees; and (3) contested issues regarding denial of meal and rest breaks.  The parties further contend that the amount here is fair and reasonable in light of issues of proof –since Plaintiffs did not have time records to show their hours and some evidence to support their claims would have had to come from current Fastenal employees – and the risk of zero recovery.

The parties' assertions that the amounts here are fair and reasonable cannot be assessed based upon the scant evidence information provided.  Notwithstanding that a settlement routinely involves compromise, the Court cannot determine the basis upon which the settlement amounts were determined or how they compare to the maximum recovery Plaintiffs might have obtained if the action proceeded on its merits.  The parties provide no estimates of overtime hours or lost meal and rest breaks and no calculation or analysis explaining how the settlement payments compare.  In short,

4

1 the parties have not provided sufficient information and explanation of the settlement amount for the
2 Court to make the decision required.

### 2. *Confidentiality Provision*

The proposed settlement likewise raises fairness concerns because of the confidentiality provision therein. Numerous courts examining the issue have found that a confidentiality provision in a settlement of FLSA claims runs counter to the purposes of the statute. *Luo v. Zynga Inc.*, 13-CV-00186 NC, 2013 WL 5814763 (N.D. Cal. Oct. 29, 2013) (denying motion to seal and finding that most authorities support presumption of public access to FLSA settlements); *Carpenter v. Colonial Mgmt. Grp., LP,* No. 12–cv–686, 2012 WL 2992490, at *2 (D.Md. July 19, 2012) (presumption of public access to FLSA settlements was not outweighed by the settlement's confidentiality provision or defendant's concern with "negative publicity or attention" that could follow from having the terms of this settlement made public); *Hens v. Clientlogic Operating Corp.,* No. 05–cv–381 S, 2010 WL 4340919, at *2–4 (W.D.N.Y. Nov. 2, 2010) (same); *Files v. Federated Payment Sys. USA, Inc.,* No. 11–cv–3437, 2013 WL 1874602, at *3 (E.D.N.Y. Apr. 2, 2013) (public has a substantial interest in the amount of FLSA settlements; presumption against confidentiality of such information not easily overcome). This is so because "[a] confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010).

The parties make no effort to justify their confidentiality provision here or explain why it should overcome the presumption against such confidentiality so frequently stated in FLSA decisions.

### 3. *Release of Claims/ Prospective Waiver*

The release provision here purports to release claims wholly unrelated to those in the instant action. There is no showing that the settlement amount compensates for such a broad release, nor that such a broad release would otherwise be appropriate in an FLSA case. *See McKeen-Chaplin,* 2012 WL 6629608 at *5 (denying FLSA settlement approval without prejudice to further explanation of fairness of broad release of claims); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52

(M.D. Fla. 2010) (finding broad general release of claims known and unknown to be unfair under *Lynn's Food Stores*).

Similarly, it is not clear whether the release is meant to cover other FLSA claims prospectively. "FLSA rights cannot be abridged by contract or otherwise waived." *Lynn's Food,* 679 F.2d at 1352. Thus, "an employee may not prospectively waive his right to a minimum wage or to overtime compensation…[and] may not stipulate, for example, that he is an exempt employee." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010).

The release here is written to cover "all known and unknown claims that each [Plaintiff] presently has, including but not limited to each Plaintiff's wage-and-hour, wage-payment, and other wage-related claims, whether arising under federal, state, or other law, and including but not limited to those claims alleged in the Complaints." (Salassi Dec., Exh. A, ¶ II(1).) The parties offer no explanation of why it would be fair and reasonable to enforce such a broad release

### *4. Amount of Attorneys' Fees*

Since the attorneys' fees here are a percentage of the individual settlement amounts, the same problems arise in deciding whether the fees are fair and reasonable. Further, the parties have not offered any facts or authority substantiating the percentage of recovery sought here.

### **IV. CONCLUSION**

For the reasons stated above, the Court cannot find, on the record before it, that the settlement of the FLSA claims here is "fair and reasonable." For those same reasons, the Court declines to approve the settlement as to the state law claims. This denial is without prejudice to the parties' submission of additional information and authority regarding each of the issues set forth above.

**IT IS SO ORDERED.**

Date: November 14, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**